1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| 1st MEDIA, LLC,<br><br>                    Plaintiff,<br><br>v.<br><br>doPi KARAOKE, INC., et al.,<br><br>                    Defendants. | 2:07-CV-1589 JCM (NJK ) |

**ORDER**

Presently before the court is plaintiff 1st Media LLC's motion to reopen the case and hold a status and scheduling conference.  (Doc. # 295).  Defendant Sony Computer Entertainment of America Inc. ("SCEA") responded (doc. # 296), and plaintiff replied (doc. # 297).

**I.     Procedural History**

On November 29, 2007, plaintiff filed a complaint for patent infringement.  (Doc. # 1). On April 26, 2010, the court entered judgment in favor of defendants.  (Doc. # 277).

On May 10, 2010, plaintiff gave notice of appeal to the United States Court of Appeals Federal Circuit.  (Doc. # 280).  On September 17, 2012, the Federal Circuit issued an opinion reversing the court's judgment.  (Doc. # 290).  On December 19, 2012, the court entered an order on mandate.  (Doc. # 293).

On February 27, 2013, plaintiff filed the instant motion to reopen case and to hold a status and scheduling conference.  (Doc. # 295).  On March 8, 2013, defendants SCEA, Harmonix Music Systems, Inc. and Viacom, Inc. filed a petition for writ of certiorari in the Supreme Court of the

**James C. Mahan**
**U.S. District Judge**

1   United States, no. 12-1086.  (Doc. # 296, 7).

2   **II.    Discussion**

3            Both plaintiff and defendant do not oppose reopening this case and holding a status and

4   scheduling conference. Defendant SCEA, however, requests a stay of these proceedings and that a

5   conference be set approximately 90 days out or once a decision is rendered in the Supreme Court

6   regarding the pending certiorari petition. Defendant SCEA's request for entry of a stay based on its

7   *belief* that the petition for certiorari presents a substantial question and that there is good cause for

8   a stay.

9            "The District Court has broad discretion to stay proceedings as an incident to its power to

10  control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citing *Landis v. N. Am. Co.*, 299

11  U.S. 248, 254 (1936)). In determining whether to grant a motion to stay, "the competing interests

12  which will be affected by the granting or refusal to grant a stay must be weighed." *Lockyer v. Mirant*

13  *Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (citing *CMAX Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir.

14  1962)). Traditionally, the decision to grant a stay pending review requires "consideration of four

15  factors: '(1) whether the stay applicant has made a strong showing that he is likely to succeed on the

16  merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of

17  the stay will substantially injure the other parties interested in the proceeding; and (4) where the

18  public interest lies.'" *Nken v. Holder*, 556 U.S. 418, 434 (2009) (quoting *Hilton v. Braunskill*, 481

19  U.S. 770, 776 (1987)).

20           Despite defendant's arguments to the contrary, this court does not find that this case presents

21  the circumstances necessary to warrant staying this patent infringement case which has been pending

22  over five years. Defendants have neither sought a stay of the mandate under Fed. R. App. P. 41(d)

23  nor a stay from the Supreme Court under Supreme Court Rule 23. The court does not find entry of

24  a stay appropriate at this time.[1]

25

26           _____

27           [1] The court notes that the likelihood that the Supreme Court will grant certiorari is unlikely. The Supreme Court receives approximately 10,000 petitions for certiorari each year and hears only about 75–80 cases. Frequently Asked

28  Questions, Supreme Court of the United States, http://www.supremecourt.gov/faq.aspx# faqgi9 (last visited March 27, 2013).

**James C. Mahan**
**U.S. District Judge**

1    **III.**    **Conclusion**

2              Accordingly,

3              IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion to

4    reopen the case (doc. # 295) be, and the same hereby is, GRANTED.

5              IT IS FURTHER ORDERED that status and scheduling conference shall be held on **April**

6    **18, 2013, at 10:00 a.m.**

7              DATED March 27, 2013.

8

9              _____

10             **UNITED STATES DISTRICT JUDGE**

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**James C. Mahan**
**U.S. District Judge**